SHALINI DOGRA, SBN 309024
**DOGRA LAW GROUP PC**
777 South Alameda St., Second Floor
Los Angeles, CA 90021
Telephone:(747) 234-6673
Facsimile: (310) 868-0170

Attorney for Plaintiff
GABRIEL MARTINEZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>NESTLE USA INC., a Delaware Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR**<br><br>**(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>**(2) DISCRIMINATION IN VIOLATION OF FEHA**<br>**(3) FAILURE TO ENGAGE IN INTERACTIVE PROCESS**<br>**(4) FAILURE TO ACCOMMODATE A DISABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GABRIEL MARTINEZ ("Plaintiff"), as an individual, requests a trial by jury, and alleges as follows:

**THE PARTIES**

1. Plaintiff is an individual who, at all times relevant to this action, resided in the County of Kern, State of California.

2. Plaintiff is informed, believes and thereupon alleges that Defendant NESTLE USA INC. (hereafter "Nestle") is a Delaware Corporation, lawfully doing substantial business in County of Kern, State of California, and was Plaintiff's employer at all times relevant herein.

3. Defendants were at all times herein mentioned, (a) conducting business in the County of Kern, State of California; (b) the employer of Plaintiff consistent with California Labor Code and

1   Industrial Welfare Commission Wage Orders; and (c) Plaintiff's employer as defined under Government Code §12926(c).

4.   The acts alleged herein arose in Kern, within the State of California.

5.   Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. The Doe defendants may be individuals, partnerships or corporations. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of each of the other defendants and was at all times mentioned, acting within the scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Doe defendants 1 through 50, and Nestle are herein collectively referred to as "Defendants."

## FACTS COMMON TO ALL CAUSES OF ACTION

6.   By this reference, Plaintiff alleges and incorporates herein, each and every allegation set forth in all previous paragraphs of the Complaint.

7.   On or about January 31, 2012, Defendants hired Plaintiff as an 'Ice Cream Maker I" for its location at 30 District Ave, Bakersfield, CA 93309. His duties included breaking down production machinery, as well as cleaning and sanitizing it.  Additionally, Plaintiff had to prepare machinery for ice cream production. As part of his duties, Plaintiff also had to make sure ice cream was put into papers, trays and boxes.

8.   Throughout his six (6) year tenure, Plaintiff earned multiple raises and wage increases.

9.   On or about January 9, 2017, Plaintiff requested reasonable accommodation from Defendants for a medical condition related to his knee.  Specifically, Plaintiff's. doctor modified his work duties to prohibit lifting over 30 pounds, as well as repetitive kneeling, squatting or climbing.

10. In response, Defendants completely failed to respond to Plaintiff's request, or engage in any interactive process. Instead, it forced him to take leave from work and directed him to look for new job openings on his own. Defendants had notice of Plaintiff's modified work duties and yet made no effort to engage in the interactive process or provide reasonable accommodation.

11. Notably, Defendant failed to engage in the interactive process or provide reasonable accommodation even when Plaintiff offered to work at a location approximately one hundred (100) miles away from his original workplace in Bakersfield. Notably, Defendants had various locations throughout California, and the location where Plaintiff worked itself had approximately 1500 to 2500 employees.

12. Between January 2017 and March 2018, Plaintiff was placed on modified work duties and requested reasonable accommodations at least eight (8) times.

13. Approximate dates of Plaintiff's requests for reasonable accommodation include: January 2017, March 2017, May 2017, June 2017, August 2017, September 2017, October 2017, January 2018, February 2018 and March 2018.

14. In March of 2017, Plaintiff's modified work duties included "no standing or walking over two hours per days, no lifting over 20 pounds, "no climbing, no running, no jumping, no kneeling, no squatting, and no walking on uneven ground."

15. Between January 2017 and March 2018, Defendants did not engage in the interactive process, nor attempt to provide reasonable accommodation at all. Instead, Defendants forced Plaintiff to take leave from work and wrongfully discharged him.

16. On approximately March 5, 2018, without any notice or explanation, Defendants terminated Plaintiff's employment. Astonishingly, Defendants initially tried to mischaracterize Plaintiff's employment separation and attempted a coerced resignation. Plaintiff blatantly refused, and Defendants subsequently fired him. Notably, Defendants terminated Plaintiff's approximately four days after he submitted a request for reasonable accommodation.

## FIRST CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy Against All Defendants)**

17. Plaintiff re-alleges and incorporates herein by reference each and every allegation set

forth above.

18. Nestle violated the Fair Employment and Housing Act (FEHA), California Government Code §12940 *et seq*., by wrongfully terminating Plaintiff's employment because of his disability.

19. The aforementioned acts of Nestle constitute a wrongful termination in violation of public policy.

20. As a proximate result of Nestle's wrongful conduct, Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish, and emotional and physical distress, on account of which Plaintiff is entitled to compensatory damages. His sum of resulting damages has yet to be ascertained. When the exact amount of said damages is ascertained, Plaintiff will seek leave of this court to amend this Complaint accordingly, or will prove the same at the time of trial.

21. As more fully set forth above, the acts of Nestle were intentional, malicious, wanton, oppressive, and fraudulent, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Nestle.

## SECOND CAUSE OF ACTION

**(Disability Discrimination in Violation of FEHA Against All Defendants)**

22. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

23. Plaintiff was at all times hereto "an employee" within the meaning of California Government Code §§ 1926 (c) and 12940 (a) and (c), which prohibit disability discrimination in employment.

24. Defendants were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of Code §§ 12940 (a) and (c), and as such, were barred from discriminating in employment decisions on the basis of disability, as set forth in California Government Code § 12940.

25. Defendants have discriminated against Plaintiff on the basis of his medical condition and physical disability, in violation of California Government Code §§ 12940 (a) and (c) Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations and all paragraphs stated above.

26. As a result of Defendants' unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; an (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

27. As more fully set forth above, the disability discrimination by Defendants was committed maliciously, intentionally, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code §3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

### THIRD CAUSE OF ACTION

**(Denial of Good Faith Interactive Process Against All Defendants)**

28. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

29. Plaintiff was at all timers hereto an 'employee" within the meaning of California Government code §12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability/mental condition harassment/discrimination in employment.

30. Defendants were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of Government Code §§ 12940(a) and (c) and, as such, was barred from discrimination/harassment of Plaintiff on the basis of disability,

perceived disability, or medical condition possessed or through to be possessed by employee, as set forth in California Government Code §12940.

31. At times of Plaintiff's employment with Defendants, he was suffering from a condition that substantially limits his major life activities.

32. Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for a reasonable accommodation, Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodation in violation of California Government Code §12940(n).

33. As a result of Defendants' failure to engage in the interactive process of accommodation of his known disabilities, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

34. As more fully set forth above, Defendants' failure to engage in the interactive process to accommodate Plaintiff's known disabilities was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud and malice, as described by California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

### FOURTH CAUSE OF ACTION

**(Failure to Accommodate a Disability Against All Defendants)**

35. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

36. Plaintiff was at all timers hereto an 'employee" within the meaning of California Government code §12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability/medical condition harassment/discrimination in employment.

37. Defendants were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code §§ 129490(a) and (c) and, as such, was barred from discriminating against Plaintiff on the basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code § 12940.

38. At the time of Plaintiff's employment with Defendants, he was suffering from a condition that substantially limits his major life activities.

39. Despite having knowledge of Plaintiff's condition, Defendants failed to provide Plaintiff with a reasonable accommodation for the above condition.

40. As a proximate result of Defendants' failure to accommodate Plaintiff's known health conditions, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

41. As more fully set forth above, Defendants' failure to accommodate Plaintiff's known serious health conditions was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as descried by California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For such general, special and compensatory, actual and liquidated damages in amounts to be proven at the time of trial;
2. For punitive and exemplary damages in amounts to be proven at the time of trial;
3. For reasonable attorneys' fees under the FEHA (California Government Code Section 12965(b)) and all related statutes, including Cal. Code of Civil Procedure § 1021;
4. For costs of suit incurred herein;
5. For pre- and post-judgement interest at the maximum legal rate on all amounts claims; and
6. For sure other and further relief as the Court may deem just and proper.

Dated:       November 6, 2018            **DOGRA LAW GROUP PC**

By: _____
SHALINI DOGRA, ESQ.
Attorney for Plaintiff
GABRIEL MARTINEZ

## DEMAND FOR JURY TRIAL

Plaintiff GABRIEL MARTINEZ hereby demands a jury trial for the causes of action set forth herein.

Dated: November 6, 2018

**DOGRA LAW GROUP PC**

By: _/s/ Shalini Dogra_

SHALINI DOGRA, ESQ.
Attorney for Plaintiff
GABRIEL MARTINEZ