UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>NESTLE DREYER'S ICE CREAM COMPANY, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1: 18-cv-01582-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DISMISSING THE CASE WITHOUT PREJUDICE<br><br>(Doc. No. 19) |

This matter is before the court on plaintiff Gabriel Martinez's ("plaintiff") motion to remand. (Doc. No. 19.) The court finds that this matter is appropriate for a decision without oral argument. Having considered the papers filed in support and in opposition to this motion, the court will deny plaintiff's motion to remand and dismiss this case without prejudice.

**BACKGROUND**

Plaintiff initiated this action on November 16, 2018, by filing his complaint with this court. (Doc. No. 1.) The case now proceeds on plaintiff's first amended complaint ("FAC") against defendant Nestle Dreyer's Ice Cream Company ("defendant"), filed December 10, 2018. (Doc. No. 7.) Plaintiff's FAC alleges that he is a citizen of California, and defendant is a citizen of Delaware. (*Id.* at 1–2.) Plaintiff asserts four causes of action related to his employment with defendant, all of which arise under California law. (*Id.*) Defendant filed an answer on December

20, 2018. (Doc. No. 8.) Defendant's answer admits that it is a Delaware corporation and that it conducts business in Kern County, California. (*Id.* at 2.)

On June 27, 2019, plaintiff filed a motion to remand. (Doc. No. 19.) Therein, plaintiff argues that defendant has a principal place of business in California and is therefore a California citizen. (*Id.* at 4–5.) Accordingly, plaintiff concludes that this court lacks subject matter jurisdiction because there is no diversity between the parties, and all of his causes of action arise under California law. (*Id.* at 3–4.) Plaintiff therefore requests that this court remand the matter to a California Superior Court even though, as noted above, this case was originally filed by him in federal court. (*Id.* at 5.)

On June 28, 2019, defendant filed an opposition to plaintiff's motion to remand. (Doc. No. 20.) Defendant argues that plaintiff's motion must be denied because plaintiff originally filed this action in federal court. (*Id.* at 2.) On July 2, 2019, plaintiff filed a reply. (Doc. No. 21.) Plaintiff argues that this court must remand the case to state court or in the alternative, dismiss the case without prejudice. (*Id.* at 5–6.)

**DISCUSSION**

Federal courts may only issue an order to remand "[i]n any case removed from a State court . . . ." 28 U.S.C. § 1447(a). Federal courts that have considered motions to remand brought under circumstances similar to those in this case have concluded that they lack authority to remand a case to state court if it was originally filed in federal court. *See Bradgate Assoc., Inc. v. Fellows, Read & Assoc., Inc.*, 999 F.2d 745, 751 (3rd Cir. 1993) (reviewing a district court's order to remand a consolidated case and holding that "the district court should have remanded the removed case to state court and dismissed the case [plaintiff] originally filed in federal court."); *Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, No. 17-cv-00381-BLF, 2017 WL 2954647, at *3 (N.D. Cal. July 11, 2017) ("As an initial matter, this Court could not remand Che's state law claim even if it were to dismiss Che's ADA claim, because this action was originally filed in federal court."); *Harbord v. Bean,* No. C17-349RSL, 2017 WL 2081072, at *1 (W.D. Wash. May 15, 2017) ("[T]his Court lacks the authority to remand a case that originated in federal court."), *aff'd*, No. 17-35498, 2017 WL 6345784 (9th Cir. Oct. 12, 2017); *Fuse v. Ariz.*

2

*Bd. of Regents*, No. CV 07-2351-PHX-FJM, 2009 WL 837645, at *1 (D. Ariz. Mar. 27, 2009) ("[W]e cannot remand plaintiff's claims to state court because this action was originally filed in federal court.").

Here, plaintiff himself initiated this action by filing his complaint in federal court, but now seeks to remand the case to state court pursuant to 28 U.S.C. § 1447(c). (*See* Doc. No. 19 at 2.) This case, however, was not removed by defendant to this court. (*See* Doc. No. 1.) Therefore, this court lacks the authority to remand the case to state court. Nonetheless, because both parties acknowledge that this court lacks subject matter jurisdiction over this action (*see* Doc. Nos. 19 at 3; 20 at 3), the court will dismiss the case without prejudice to its refiling in state court.

## CONCLUSION

Accordingly,

1. Plaintiff's motion remand (Doc. No. 19) is denied;
2. Plaintiff's alternative request for dismissal of this action without prejudice due to lack of subject matter jurisdiction is granted; and
3. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **July 8, 2019**

UNITED STATES DISTRICT JUDGE